**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

GMAC MORTGAGE LLC and )
SHAPIRO & INGLE LLP, )
                     )
         Plaintiffs and )
         Counter Defendants, )
                     )
         v. )           1:12CV270
                     )
DARIUS BILLY EATON and )
JOYCE PRICE EATON, )
                     )
         Defendants and )
         Counter Claimants. )

## MEMORANDUM OPINION AND ORDER

This case came before the Court on July 30, 2012, for a hearing on all pending motions, which, at the time of the issuance of the Notice of Hearing (Docket Entry 32), included a Motion to Dismiss Counterclaims filed by Shapiro & Ingle LLP (Docket Entry 13), a Motion to Remand to State Court filed by GMAC Mortgage LLC (Docket Entry 16), and a Motion to Dismiss Counterclaims filed by GMAC Mortgage LLC (Docket Entry 18). For the reasons that follow, the Court will remand this case to state court for lack of subject-matter jurisdiction.

## BACKGROUND

This case commenced in this Court as a result of a Notice of Removal from Guilford County State Court filed by Darius Billy Eaton and Joyce Price Eaton (collectively, "the Eatons"). (Docket

Entry 2.) The Eatons thereafter filed documents that purported to assert counterclaims against GMAC Mortgage LLC and Shapiro & Ingle LLP, including under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Docket Entry 5 at 3-4; Docket Entry 8 at 3-4.) Shapiro & Ingle LLP thereafter moved to dismiss the counterclaims, including on the ground that the Court lacked subject-matter jurisdiction. (Docket Entry 13 at 1-2.) GMAC Mortgage LLC also filed motions to dismiss the counterclaims (Docket Entry 18) and for remand to state court on grounds of lack of subject-matter jurisdiction (Docket Entry 16 at 1).

After the Eatons responded to the foregoing motions (see Docket Entries 28, 29, 30), the Court noticed a hearing for July 30, 2012 (Docket Entry 32). Shortly before the hearing, GMAC Mortgage LLC filed a Notice of Bankruptcy Filing and Supplemental Servicing Order (Docket Entry 35), asserting that an order from the United States Bankruptcy Court for the Southern District of New York precluded the Eatons from pursuing their purported counterclaims against GMAC Mortgage LLC (id. ¶ 7). Counsel for GMAC Mortgage LLC also informed the Clerk's Office that GMAC Mortgage LLC would not pursue its pending Motion to Remand to State Court due to the bankruptcy case in New York. (See Docket Entry dated July 27, 2012.) At the hearing, counsel for Shapiro & Ingle LLP appeared, but neither the Eatons nor counsel for GMAC Mortgage LLC appeared. (See Docket Entry dated July 30, 2012.)

2

<u>DISCUSSION</u>

"A federal court has an independent obligation to assess its subject-matter jurisdiction . . . ." <u>Constantine v. Rectors & Visitors of George Mason Univ.</u>, 411 F.3d 474, 480 (4th Cir. 2005). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994). The Eatons' removal notice asserted that "[j]urisdiction has been established pursuant to 28 U.S.C. [§§] 1331, 1332 and 1441." (Docket Entry 2 at 1.) The Court lacks subject-matter jurisdiction under those statutes.

The state case the Eatons purported to remove is a foreclosure action. (<u>See</u> <u>id.</u> at 2.) No federal question jurisdiction thus exists under Section 1331. <u>See</u> <u>Trustee Servs. of Carolina, LLC v. Rivera</u>, No. 3:12CV146, 2012 WL 1645534, at *2 (W.D.N.C. May 2, 2012) (unpublished) ("As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."); <u>Vecchione v. Option One Mortg. Co.</u>, No. 1:09CV380, 2009 WL 3435166, at *1 (M.D.N.C. Oct. 16, 2009) (unpublished) ("The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that [the plaintiff] now seeks to raise federal issues in this action and in his removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the well-pleaded

3

complaint, and raising a federal counterclaim or defense does not make the action removable on the basis of a federal question." (internal quotation marks omitted)); <u>In the Matter of the Foreclosure of the Deed of Trust Dated Feb. 8, 1999</u>, No. 1:03CV527, 2003 WL 21664204, at *2 (M.D.N.C. July 14, 2003) (unpublished) ("[B]ecause the state court action that [the respondents] are attempting to remove is a foreclosure proceeding, there is no federal question jurisdiction that arises in the instant matter.").

Nor does diversity jurisdiction exist under Section 1332, given that the removal notice acknowledges facts establishing that the Eatons and Shapiro & Ingle LLP are both citizens of North Carolina (<u>see</u> Docket Entry 2 at 1, 3). <u>See, e.g.</u>, <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); <u>Sanderlin v. Hutchens, Senter & Britton, P.A.</u>, 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina."). Finally, Section 1441 provides for removal only where the federal court would have had "original jurisdiction," <u>see</u> 28 U.S.C. § 1441(a), which (for reasons noted) this Court would not.

<u>CONCLUSION</u>

This Court lacks subject-matter jurisdiction. As a result, "[t]his civil action was improperly removed from the state courts and must be returned to the proper court." <u>Vecchione</u>, 2009 WL 3435166, at *1. For reasons stated in <u>William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc.</u>, No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

**IT IS THEREFORE ORDERED** that, in light of this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

**IT IS FURTHER ORDERED** that, in light of the remand of this case to state court for lack of subject-matter jurisdiction, the Clerk's Office shall **TERMINATE AS MOOT** the Motion to Dismiss Counterclaims filed by Shapiro & Ingle LLP (Docket Entry 13), the Motion to Remand to State Court filed by GMAC Mortgage LLC (Docket Entry 16), and the Motion to Dismiss Counterclaims filed by GMAC Mortgage LLC (Docket Entry 18).

**IT IS FURTHER ORDERED** that this Order is **STAYED** for 21 days because "[a] party may serve and file objections to the [O]rder within 14 days after being served with a copy. A party may not

assign as error a defect in the [O]rder not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the [O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  If any party timely objects to this Order, the 21-day stay shall continue in effect until further order, but, absent any timely objection, at the end of the 21-day period, the Clerk's Office shall send a certified copy of this Order to the Clerk of the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

This the 3rd day of August, 2012.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**